Thompson, J.
delivered the opinion of the court. If the execution, under which the defendant justifies the seizure and sale of the wheat growing on the ground, be deemed sufficient, it is unnecessary to determine the effect of the bill'ofsalé, which forms a distinct branch of the. defence. The defendant, soon after receiving the execution, and between the teste and return of it, went to the house of Hatch, the debtor, and levied on his personal property, and particularly mentioned the wheat in the ground. This was ill^f£)eceiifber. In the ensuing August, when the wheat was ripe for harvest, the^defendant, by virtue of the execution, and with all due diligence, caused the wheat to be cut, carried away, and sold. The fee ofthelandon which the wheat was sowed; belonged to one Smith; and Hatch had the use of it so long onlyas would be sufficient to pay him for clearing. Under these circumstances, I see no valid objections against considering this property as held by this execution. The wheat
*422 je< growing on the ground was a chattel, and as such, subject tQ tajten jn execution. (1 Salk. 368. 1 Bos. and Pul. 397. 6 East, 604. note. Rob. on Frauds, 126.) The defendant, when he levied, took all the possession which rhe subject matter would permit, and it was sold as soon as it was fit to be reaped. This, therefore, could not be considered as a dormant execution, and coming within the operation of the rule, that if a creditor seize the goods of his debtor on execution, and suffers them to remain in his hands, the execution is deemed to be fraudulent, and void against a subsequent execution. (Prec. in Cha. 286. 1 Vernon, 245. 7 Mod. 37. 2 Term, 596.) The reason of this rule is stated to be, that in such case there is no change of possession, and so nb alteration of the property. But in the ease before us the sheriff took all the possession of which the chattel was susceptible. The nature of the property accounts for the delay, and destroys the presumption of fraud that might otherwise exist. The sheriff might, perh^J^have sold the wheat while growing and the purchaser would then have been entitled to enter for the purpose pf putting and carrying it away. But such a sale would probably have been very unfavourable, as the certainty and value of the crop could not be ascertained. (Owen, 70. Vent. 222.) The mere delay in such a case, to sell until the crop should be fit for harvest, will not of itself, amount to a fraud in law; and this is the only ground on which the judgment and execution, under which the defendant justifies, has been impeached. The justification having been made out, the defendant would be entitled to judgment, but by the provision in the case, we can only direct a judgment of non* .suit to be entered.
Judgment of nonsuit.