ELIZA W. STALL, Respondent, *v.* CYRUS WILBUR, Appellant.

Where land, upon which a crop is growing, is devised in such form as to convey it to the devisee, the crop is put upon the footing of a chattel specifically bequeathed; it cannot be sold for the payment of general legacies, but only for the payment of debts after the other assets not specifically bequeathed have been applied.

The executor in such case may take the crop primarily as trustee for creditors; but when it appears that there are no creditors, there being no longer any trust purpose to serve, the whole title, legal and equitable, vests in the devisee; he can compel a delivery; or, in case it has been converted by the executor or any other person, he may maintain an action to recover its value.

It is not necessary to allege in the complaint in such an action that there were no legacies to be paid under the will, or that there was sufficient other personal property to pay them.

Nor is it essential to allege that letters testamentary have issued upon the will, and that plaintiff had title in some way from the executor.

When the devise is to two or more the action may be brought by one, to recover his proportion of the crop; it is not necessary to join his co-tenants.

As to property separable in respect to quantity and quality by weight or measure, a tenant in common may demand of his co-tenant, having possession of the whole, his share; and, upon a refusal or a convers on by such co-tenant, may sue in his own name without joining all the other co-tenants.

(Argued April 10, 1879; decided April 25, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order affirming an order of Special Term, which overruled a demurrer to plaintiff's complaint herein.

The substance of the complaint is set forth in the opinion.

*S. Hubbard,* for appellant. The allegations of the complaint were not sufficient to entitle plaintiff to a recovery. (*Rodi* v. *The President,* 6 Bos.; 24; *Page* v. *Boyd,* 11 How. Pr. R., 415; *White* v. *Brown,* 14 id., 282; *Buzzard* v. *Knapp,* 12 id., 504; *People* v. *Supervisors of Ulster,* 34 N. Y., 269.) The complaint did not show title to the wheat in plaintiff. (*Bradner* v. *Faulkner,* 34 N. Y., 347; R. S., pt. 2, chap. 6, title 3, §§ 6, 16, 25, 43, 45; *Rockwell* v. *Saunders,* 19 Barb., 473; *Paff* v. *Kinney,* 5 Sanf., 395; *Patchen* v. *Wilson,* 4 Hill, 57; *Valentine* v. *Jackson,* 9 Wend., 302; *Vroom* v. *Van Horn,* 10 Paige, 549; *Allen* v. *Eighenr,* 9 Hun, 201; 8 J. R., 166; 2 Hill, 181, 225; 7 id., 181; *Lawrence* v. *Wright,* 2 Duer, 673; *City of Buffalo* v. *Holloway,* 3 Seld.; 7 N. Y., 493; *Hall* v. *Bartlett,* 9 Barb., 297; *Blake* v. *Griswold,* L. J. [vol. 15], 211; *Taylor* v. *Bradley,* 39 N. Y., 129, 139; *Beecher* v. *Crouse,* 19 Wend., 306; *Woodin* v. *Bagley,* 13 id., 453; *Jenkins* v. *Freyer,* 4 Paige, 47; *Rockwell* v. *Saunders,* 19 Barb., 473; *Patchen* v. *Wilson,* 4 Hill, 57; *Paff* v. *Kinney,* 5 Sand., 395; *Shelden* v. *Hoy,* 11 How., 11.) A devisee does not take crops as land but as personal property and as a presumed gift. (*Bradner* v. *Faulkner,* 34 N. Y., 347; *West* v. *Moore,* 8 East, 339; 9 Petersdorf, 192 [marg.], 294; *Cox* v. *Goodsalve,* 6 East, 604, *n*; 8 Petersdorf, 139 [marg.], 197.) A specific legatee has no title upon which he can sue until executor or administrator with the will annexed has assented thereto. ( Redf. on Wills [2d ed.], 461, note 1; 463, note 6; 464, note 15; 2 Atk., 77, 593; 3 id., 235, 239; 2 Strobl., 101.) The complaint, to entitle plaintiff to recover, must show that the deceased had a devisable estate in the land.

(*Lawrence* v. *Wright*, 2 Duer, 673; R. S., pt. 2, chap. 6, title 3, § 7; id., title 1, § 2.) The complaint should have set forth the entire will, as title by devise is matter of construction. (*West* v. *Moore*, 8 East, 339; 9 Petersdorf Ab., 192 [m. p.], 294; *Cox* v. *Goodsalve*, 6 East, 604, note; 8 Petersdorf Ab., 139 [m. p.], 197; *Bradner* v. *Faulkner*, 34 N. Y., 347; *Faulkner* v. *Bradner*, 2 Kern., 474.) Defendant was not bound to set up as new matter that he was the executor. (*Gilbert* v. *Cram*, 12 How., 455; *Padde* v. *Ruckgaber*, 3 Duer, 685; *Brazil* v. *Isham*, 12 N. Y., 17; *Bellinger* v. *Craig*, 31 Barb., 537; Voorhees' Code, *n. b.* etc.; *Murray* v. *Gifford*, 5 How., 14; *Gregory* v. *Waine*, 1 Abb. Pr., 209; *Manning* v. *Winter*, 14 Sup. Ct., 482; *Boomer* v. *Koon*, 13 id., 645.) Plaintiff should have joined the other tenants in common as plaintiffs. (*Putnam* v. *Wise*, 1 Hill, 234; *Rice* v. *Hallenbeck*, 19 Barb., 664; *Trip* v. *Wiley*, 15 Barb., 335; *Hill* v. *Gibbs*, 5 Hill, 56, *n*; Code, §§ 144, 147, 148; *De Puy* v. *Strong*, 37 N. Y., 372.)

*E. A. Nash*, for respondent. There was no defect of parties plaintiff. (*Channon* v. *Lusk*, 2 Lans., 211; *Tripp* v. *Riley*, 15 Barb., 333; *Fobes* v. *Shattuck*, 22 id., 568.) The complaint set forth facts sufficient to constitute a cause of action. (*Bradner* v. *Faulkner*, 34 N. Y., 347, 348; *Smith* v. *James*, 7 Cow., 328.)

Earl, J. This appeal is from a judgment overruling defendant's demurrer to plaintiff's complaint. Two grounds of demurrer are specified; that the complaint does not state facts sufficient to constitute a cause of action; and that there is a defect of parties plaintiff, in that Richard E. Wilbur and Erastus C. Wilbur should have been joined as plaintiffs.

The complaint alleges that Ephraim Wilbur died February 24, 1873, leaving a will, by which he devised to Richard E. Wilbur, Erastus C. Wilbur, Mary J. Harris and to the defendant and the plaintiff a farm, subject to certain advancements to the devisees, which advancements had been satisfied

and equalized by the partition and sale of the farm ; that the will had been admitted to probate ; that at the time of the testator's death there was growing on the farm a crop of wheat, put in on shares by the defendant, under an agreement with the testator, by which he was to cultivate, harvest and thresh the crop, and deliver to the testator one-half thereof on the farm ; that after the testator's death the crop matured, and was harvested and threshed by the defendant ; that he retained possession of the whole of the crop, and although the plaintiff had often demanded of him her share of one-fifth of one-half thereof, the whole crop being 450 bushels, and her share under the will being forty-five bushels, refused to deliver to her her share, but had sold and converted the same to his own use. There was a second count, precisely similar, based upon an assignment to the plaintiff of the share in the crop of Mary J. Harris.

Growing crops are not part of the real estate upon which they are growing. They are personal property. They can be sold and transferred as such : (*Austin* v. *Sawyer*, 9 Cow., 40.) They can be taken upon execution, and at common law they could be distrained for rent : (*Whipple* v. *Foot*, 2 J. R., 418.) At common law also, upon the death of the owner of the real estate, they passed, not to the heirs, but to the executor or administrator, to be administered as personal assets. They pass with a conveyance of the real estate, as appertaining thereto : (*Tripp* v. *Hasceig*, 20 Mich., 254.) At common law also, they passed to the devisee of the real estate, not as a parcel thereof, but upon the presumed intention of the devisor that he who takes the land should also take the crops growing thereon : (Gilbert on Ev., 499; Williams on Ex., 713; *Cooper* v. *Woolfitt*, 2 Hurl. & N., 122; *West* v *Moore*, 8 East, 339; *Bradner* v. *Faulkner*, 34 N. Y., 347.)

This common law rule was somewhat changed by the Revised Statutes. They provide that growing crops "shall go to the executors or administrators, to be applied and distributed as part of the personal estate of their testator or

intestate, and shall be included in the inventory thereof."
(2 R. S., 83.) Under this provision, the executor takes
possession of the growing crops, as he does of all other per-
sonal property. But he takes possession only for the pur-
pose of administration according to law. He may sell it,
if necessary, for the payment of debts and legacies. But
when the land, upon which the crop is growing, has been
devised in such form as to convey it to the devisee, then the
crop, in my opinion, is to be put upon the footing of a chat-
tel specifically bequeathed; and it cannot be sold for the
payment of general legacies, and can be sold for the pay-
ment of debts only after the other assets, not specifically
bequeathed, have been applied. (2 R. S., 87.)

This complaint is by no means a model pleading, and is
justly liable to criticism; yet fairly construed we think it
states a good cause of action. It would have been much
better if the pleader had simply alleged that the plaintiff,
as tenant in common with the defendant and the other per-
sons, at a time and place named, owned one-tenth part of
this wheat; and that the defendant had taken exclusive pos-
session of the same, and had wrongfully refused, upon plain-
tiff's demand, to deliver her share to her or to permit her
to take it, but, on the contrary, had wrongfully sold and
converted the same to his own use. Under such a complaint,
the plaintiff could have given evidence showing her title.
The pernicious practice was followed of setting forth evi-
dence, instead of facts to be established by evidence, and this
has produced whatever difficulty there is.

The allegation that the land was devised to the plaintiff
and others shows that she also took an interest in the
crop. Proof of the devise would show, if not qualified by
something else which should be made to appear either in the
will or otherwise, that she also took a share in the crop
under the devise. It is alleged that the devise was subject
to certain advancements "which have been satisfied and
equalized by the partition and sale of the farm." It is true
that the equalization and adjustment of these advances may

have destroyed the plaintiff's apparent interest under the devise, and the land may have been partitioned and sold, before the crop was harvested, and she may thus have lost her share in the growing crop.   But the subsequent allegations tend to qualify these, and show that her interest in the crop continued unaffected.   She alleges that the whole crop was 450 bushels, and that her share thereof was forty-five bushels, just one-fifth of one-half thereof, being the same proportion as her apparent interest in the land as devised, and that she had demanded her share.   Taking the whole complaint, therefore, we think it sufficiently alleges her ownership of the wheat.

It was not necessary for the plaintiff to allege that there were no legacies to be paid under the will, or that there was sufficient other personal property to pay the legacies, as this property specifically given, as shown above, could not be taken or sold to pay legacies.   It could no more be taken for such a purpose than other personal property specifically bequeathed.

It is further claimed, that the complaint is defective, in not alleging that letters testamentary had been issued upon the will ; and that the plaintiff had title in some way from such executor; and that without showing such title she could not maintain this action for the conversion of the wheat, either against the executor or any one else.   It is not alleged that the defendant is executor, and he is certainly in no better position than if he was.   If he had been executor, he could have taken plaintiff's share of this wheat primarily as trustee for the creditors of the testator, and when it appeared that there were no creditors, he would have held it upon a naked, formal trust for her, bound to hold it for and to deliver it to her.   In such case, there being no longer any trust purpose to serve for others, the whole title, legal and equitable, would at once vest in her.   She could, by an order of the surrogate or by a suit in equity, compel him to deliver it to her : (1 Story Eq. Jur., § 540.)   But when, in such a case, the executor has sold and converted the property

to his own use, and thus cannot deliver it, then the person to whom it is specifically bequeathed may at once sue him for the value thereof. It seems to me that this is a reasonable and just view of the rights of the parties; and such is the effect of the decision in the case of *Bradner* v. *Faulkner* (*supra*), as we understand it.

As stated, the defendant is in no better position than if he had been executor; and he cannot make a defense which an executor could not make. It matters not whether an executor was appointed or not. The facts showed that the plaintiff was entitled to this property, and that she is the only person injured by the conversion thereof by the defendant.

The complaint is not defective in not joining as plaintiffs the two other co-tenants named in the demurrer. As to such property, separable in respect to quantity and quality by weight or measure, each tenant in common may demand of his co-tenant having possession of the whole his share, and upon refusal or a conversion by such co-tenant, may sue in his own name, without joining all the other co-tenants: (*Channon* v. *Lusk*, 2 Lans., 211; *Lobdell* v. *Stowell*, 37 How., 88; S. C., 51 N. Y., 70.)

The judgment must, therefore, be affirmed, with costs.

All concur, except DANFORTH, J., taking no part.

Judgment affirmed.