PLINY T. SEXTON, as Survivor, etc., Appellant, *v.* HENRY BREESE, Respondent.

| 135 | 387 |
| 173 | ³296 |

The title of the mortgagor of real estate is not changed by the mortgage, and although the mortgagee goes into possession by a surrender from the mortgagor, the fee still remains in the latter.

Although a growing crop of grain is in a sense a part of the real estate, it possesses characteristics of a chattel; it is salable and transferable as personal property.

The owner of a farm, upon which was a mortgage held by plaintiff, sold to defendant a crop of wheat thereon, the bill of sale giving to him the right to secure and harvest the crop. Subsequently said owner executed to plaintiff a written instrument, wherein he authorized the latter to take possession of the farm, rent the same and apply the proceeds on the mortgage. Defendant went upon the farm to cut the wheat, but was prevented from so doing by plaintiff, who harvested it, but defendant entered and carried it away. In an action of replevin, *held*, that conceding plaintiff to be in the position of a mortgagee in possession, still defendant, as purchaser, owned the crop of wheat and had the right of ingress to gather and carry it away; and so, that the action was not maintainable.

Reported below, 57 Hun, 1.

(Submitted June 15, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 5, 1890, which denied a motion for a new trial and ordered judgment for defendant on a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles McLouth* for appellant. Plaintiff claims that the indisputable facts show him entitled to and actually in possession of the wheat in question, adversely to defendant's claim thereto, at the time when the latter wrongfully took same. (*Sohler* v. *Singer*, 44 Barb. 614; *Winslow* v. *McCall*, 32 id. 241; *Shepard* v. *Philbrick*, 2 Den. 174; *Batterman* v. *Albright*, 122 N. Y. 484; *Jewett* v. *Keenholts*, 16 Barb. 196; *Gardner* v. *Finley*, 19 id. 321; *Sherman* v. *Willett*, 42 N. Y. 146; *Gibson* v. *A. L. & T. Co.*, 58 Hun, 443; *Lapham* v.

*Griffith*, 35 Barb. 59, 60; *Phyfe* v. *Riley*, 15 Wend. 248; *Hubbell* v. *Sibley*, 50 N. Y. 472; *Ten Eyck* v. *Craig*, 62 id. 406; *Hays* v. *Dickinson*, 9 Hun, 277; *Cook* v. *Cooper*, L. R. [7 App.] 272; *M. A. Church* v. *O. S. Church*, 9 J. & S. 369; 73 N. Y. 82–94.) The court below should have granted plaintiff's request to direct a verdict in his favor. (*Shapley* v. *Abbott*, 42 N. Y. 443; *Hunt* v. *Moultrie*, 1 Bosw. 532; *Payne* v. *Burnham*, 62 N. Y. 69; *Iselin* v. *Henlein*, 16 Abb. [N. C.] 73; *Reynolds* v. *Lounsbury*, 6 Hill, 536; *Mayenborg* v. *Haynes*, 50 N. Y. 675; *Maguire* v. *Selden*, 103 id. 642.)

*M. Hopkins* for respondent. If, as plaintiff claims, Cuyler and Sexton made their note and placed it, instead of the mortgage, in the bank, this was clearly a device of theirs to evade the National Banking Act (§§ 8, 28), which prohibits national banks from loaning money upon real estate security, and was void. (*In re McGraw*, 111 N. Y. 105.) If the First National Bank of Palmyra took and held this mortgage to secure these future advances to Mumford, the mortgage is void. (*Crocker* v. *Whitney*, 71 N. Y. 161; 79 id. 437.) The mortgage being void, defendant may very properly take advantage of its invalidity, particularly as this void instrument is the means whereby plaintiff seeks to acquire title to this wheat. (*In re McGraw*, 111 N. Y. 105.) Upon the assumption that plaintiffs' mortgage was a valid and subsisting lien upon these premises, defendant took title to the wheat, subject only to the contingency that the same would be wiped out by a foreclosure after forfeiture before it was harvested. (*Sherman* v. *Willetts*, 42 N. Y. 150; *Trumm* v. *Marsh*, 54 id. 599; *Stall* v. *Wilbur*, 77 id. 161; *Harris* v. *Frink*, 49 id. 27; *Green* v. *Armstrong*, 1 Dem. 554; *Austin* v. *Sawyer*, 9 Cow. 40; *Frank* v. *Harrington*, 36 Barb. 415, 420; *Jones* v. *Flint*, 10 Ad. & El. 753, 759; *Stewart* v. *Dorghey*, 9 John. 112.) Plaintiff's entry into possession of the mortgaged premises, if any subsequent to the sale of the wheat to defendant, is not equivalent to a foreclosure and does not give him the right to question the sale or reclaim the crop sold. He has no other or greater

rights in respect to this wheat than the vendor, Mumford, at the time of his, plaintiff's, alleged entry. (Jones on Mort., §§ 670, 697, 771, 772; *Astor* v. *Tanner*, 11 Paige, 436, 437; *Mitchell* v. *Bartlett*, 52 Barb. 319, 326, 327; *Parker* v. *R. & S. R. R. Co.*, 17 N. Y. 298.) By reason of his rulings upon the trial the question submitted by the trial judge to the jury was the only question of fact the case presented for the jury to pass upon, and the charge of the judge in respect to this question is accordant with the law of this state. Plaintiff had the power to exempt any portion of the property from his entry. (*Sherman* v. *Willett*, 42 N. Y. 146; *S. & Co.* v. *Edwards*, 35 id. 279.)

GRAY, J.  The action was in replevin for the purpose of recovering a crop of wheat which had been harvested from a farm, and the question presented relates to the respective rights thereto of the plaintiff, as mortgagee of the farm, and claiming to be in possession as such, and of the defendant, as the vendee of the growing crop, under a bill of sale from the owner and mortgagor. The mortgage was executed and delivered in 1875 to the plaintiff's firm, as a collateral security for any liabilities which the mortgagor might thereafter incur, and was to become due, by its terms, one month after demand. In February, 1879, the owner of the farm left the place; allowing the defendant, to whom he was in debt for moneys borrowed, to have possession of the farm and to work it for himself.

In the following month he sold to the defendant the standing or growing crop of wheat in question, and which he had himself sowed in the previous autumn; the bill of sale giving to defendant the right to secure and harvest the crop. In the following month of April, the owner of the farm executed and delivered a certain instrument to the plaintiff, wherein he authorized him "to take possession of my farm at Macedon and to rent same  *  *  *  and after paying all expenses to apply the net income upon my indebtedness to him." He entered upon the farm under this instrument, and it is his claim that thereby he became mortgagee in possession. When

the wheat had ripened the defendant went upon the farm to cut it, but was prevented from doing so by the plaintiff, who proceeded to harvest it for himself. Before, however, the plaintiff had gotten in the wheat from the field, the defendant entered, early in the morning, and carried it off. This action then resulted.

I do not think that the instrument, under which the plaintiff entered into the possession of this farm, had the effect of making the possession that of the mortgagee, as that is technically understood. Its very terms seem to preclude that idea; for the possession, which the plaintiff was authorized to take, was qualified and limited to the exercise and enjoyment of certain prescribed acts; namely, to rent it and to apply the net income upon the indebtedness. The mortgage had not become due, inasmuch as there had been no demand for the payment of any indebtedness accrued and to be secured by it, or, at any rate, such a demand as the nature of this mortgage required. But I do not think it very important to our decision whether we hold that the possession was technically that of mortgagee, or one authorized by and assumed under the writing referred to. Although, if that question should be deemed essential, I should regard the possession taken by plaintiff through this instrument of April, 1879, as not equivalent to a possession by surrender of the land from the mortgagor. In this State it must be regarded as settled by the cases that the title of the mortgagor to the land is not changed by the mortgage. It remains as before; while the mortgagee has in the mortgage a security for the mortgagor's debt, which is impressed upon the lands described and incumbers them with the burden of the debt.

It must also be regarded as settled that even if the mortgagee goes into possession of the premises by a surrender of them from the mortgagor, the legal title or fee still remains in the mortgagor; and what the mortgagee thereby acquires is the possession of the pledged property. He holds it then for the purpose of paying off the debt, with which it was incumbered, but takes no estate in the land. (*Kortright* v.

*Cady*, 21 N. Y. 343; *Trimm* v. *Marsh*, 54 id. 599.) In *Trimm* v. *Marsh*, the question of the effect upon the title, where the mortgagee acquires the possession of the land, was quite fully discussed upon theory and in the light of earlier cases, and the decision should be considered as settling and, as I think, quite in accordance with the reason of the thing, that a mortgagee, who merely is let into the possession of the mortgaged land, does not acquire the legal title.

If we assume that the plaintiff was in possession of the land as by an actual surrender from the mortgagor, his rights in its use were subject to the previous disposition made of the growing crop of grain by the owner of the land. He had planted the crop and it was perfectly competent for him to dispose of it while he held the title to the land. Though, in a sense, a growing crop of grain is a part of the real estate, it, nevertheless, possesses the characteristics of a chattel and is salable and transferable as other personal property is, and may be taken upon execution and sold in discharge of a judgment debt. ( *Whipple* v. *Foot*, 2 Johns. 422; *Stall* v. *Wilbur*, 77 N. Y. 158.)

The relation which growing crops bear to the land has been frequently the subject of discussion in the courts and is in some respects a peculiar one. They pass to the grantee in a conveyance of the land as appertaining thereto. ( *Wintermute* v. *Light*, 46 Barb. 283; *Stall* v. *Wilbur, supra.*) And equally upon a sale in foreclosure of a mortgage, the purchaser would acquire with the title to the land the right to the growing crops. (*Shepard* v. *Philbrick*, 2 Denio, 174.)

In England growing crops, which were *fructus industriales;* that is to say, annual products of a tillage of the earth by the labor of the occupier, have been regarded as chattels, quite independent of the land. Any supposed confusion in the decisions, with respect to their relation to the land, arose rather in the consideration of the question of the validity of their transfer by parol, under the Statute of Frauds; than in any difference in opinion as to their being chattels.

Distinctions, of course, were made between growing crops of grain and trees, the fruits of trees and perennial plants.

(*Crosby* v. *Wadsworth*, 6 East, 602; *Evans* v. *Roberts*, 5 B. & C. 829; *Jones* v. *Flint*, 10 A. & E. 753: *Rodwell* v. *Phillips*, 9 M. & W. 501.)

Those views, as to the legal relation of these annual products of the land to the land itself, obtained and were held here in the early cases of *Whipple* v. *Foot* (*supra*); *Shepard* v. *Philbrick* (*supra*); *Green* v. *Armstrong* (1 Denio, 550), and more recently in the case of *Stall* v. *Wilbur*, to which I have referred. Probably the rights of a third person to the growing crops of grain, under a contract of purchase with the owner, would be annulled by the sale upon the foreclosure of a mortgage of the land, according to the decisions in *Shepard* v. *Philbrick* (*supra*), and *Lane* v. *King* (8 Wend. 584), for then the transfer of the title to the mortgaged premises would carry with it to the purchaser a paramount title to the growing crop. But, in the present case, that proposition is not before us and the title of the mortgagor to the mortgaged land was not divested or transferred to the mortgagee with the possession. The defendant, Breese, was the purchaser of the growing crop of wheat and, upon its becoming ripe for harvesting, as well under the express authority of his bill of sale, as without it, impliedly, he had the right of ingress to gather and to carry it away. (*Stewart* v. *Doughty*, 9 Johns. 108.)

His vendor's legal title to the land had not ceased and the fact of the mere possession having changed to another person, was not sufficient to annul Breese's contract, and, was, consequently, inoperative upon his right to enter and carry away the ripened wheat.

We think the conclusion reached by the General Term that the defendant was entitled to the verdict at Circuit was correct and, as no other error appears from the record, their order denying plaintiff's motion for a new trial upon his exceptions, and directing judgment on the verdict, should be affirmed, with costs.

All concur.

Order affirmed and judgment accordingly.