NEW-YORK,
May, 1811.

BRADISH
v.
SCHENCK.

BRADISH *against* SCHENCK.

IN error, on *certiorari,* from a justice's court. *Schenck* brought an action of trespass against *Bradish,* before the justice, for damage done by the hogs of the defendant, by breaking into the enclosure of the plaintiff, and destroying his corn, &c. And the plaintiff produced the certificate of the fence-viewers, appraising the damage, pursuant to the act, (24th sess. c. 78. s. 16.) at 7 dollars. The defendant pleaded, that the plaintiff had distrained the hogs, and impounded them before the commencement of the suit; and that the plaintiff was not in possession of the land on which the trespass was alleged to have been committed.

Letting land upon shares, for a single crop, does not amount to a lease of the land, and the owner alone can bring trespass. If one of two tenants in common brings an action of trespass, the omission to join the other can only be taken advantage of by a plea in abatement.

It was proved that one *Curtiss* took the land of the plaintiff, and planted it with corn, upon shares. The hogs of the defendant were twice driven out of the field, and were afterwards impounded by the plaintiff, and about five days thereafter replevied. The action of replevin, grounded on the original distress *damage-feasant*, was withdrawn soon after it was commenced; but it did not appear why it was withdrawn, or whether it was settled before the commencement of the action of trespass. The jury found a verdict for the plaintiff, on which the justice gave judgment.

*Per Curiam.* Letting land upon shares, if for a single crop, is no lease of the land, and the owner alone must bring trespass for breaking the close. (*Cro. Eliz.* 143.) *Schenck* and *Curtiss* were tenants in common of the corn; but the omission to join *Curtiss* was only to be taken advantage of by pleading it in abatement. (1 *Saund.* 291. G.)

We ought to intend that the action of replevin was at an end when this suit was brought, if we can take notice of it all. It was not pleaded, and the only proof of its existence was by *parol.*

The judgment must be affirmed.