Per Curiam,

The question is, whether Richard Sweet, a pauper, had his last legal settlement in the town of Fort Ann ? The test given by the statute, consists in bona fide renting and occupying a tenement, of the yearly value of 30 dollars, for two years, and actually paying such rent; or in holdings and ex *369 ecuting an office for one year; or in having been charged with, and paid public taxes of the town for two years ; or in having been bound an apprentice or servant, and serving two years in such town accordingly. (1 N. R. L. 279.)
It appears that Szoeet, before the year i 800, lived on9 and occupied a farm, in Fort Ann, worth 100 dollars per year, in com a on with Hotchkiss, for more than two years, rendering half the produce to ¿¡lead, the proprietor of the farm. This, we are inclined to think, was a bona fide renting, and payment of rent„ according to the statute. Hotchkiss and Sweet had the entire control, and ostensible possession of the farm, to sow and plant according to their own discretion, under an agreement for three years. The one half of the produce, which they had a right to retain, is not to be regarded as a mere rule of compensation for their labour; but, the one half which they were to yield to the proprietor of the land, ought to be considered as rent for the use of the farm. (Jackson, ex dem. Colden, v. Brownell, 1 Johns. Rep. 267.) Besides, the case shows, (and it was admitted on the argument,) that Sweet had, during two years, been assessed, and actually paid taxes in Fort Ann. So that on two distinct grounds, the pauper gained a settlement in Fort Ann.
But it is contended, that subsequent to such settlement, the pauper rented a tenement, and paid rent in the town of Kings-bury. On examining the evidence, however, it appears, that for the house and garden, in Kingsbury, he paid only 5 dollars per year; and, independently of that tenement, he can only be regarded as a common labourer, on the farm of Chester Cook. There is no evidence of his paying taxes in Kingsbury.
It appears, however, that in the year 18 í 5, under the 22d section of the “ act for the relief and settlement of the poor,” (1 R. L. 286.) the property of the pauper was seized and appropriated for the support of his family, who were then chargeable to the town of Kingsbury. We are of opinion, that by this sequestration of the property of the pauper, the overseers of Kingsbury adopted him as one of their poor; and they are concluded by that proceeding. The order of the general sessions of the county of Washington must, therefore, be reversed.
Judgment reversed.