Caswell
v.
Districh.

CASWELL *vs.* DISTRICH.

An agreement to sow different kinds of grain upon a farm, and to yield a
certain proportion of each crop to the landlord, is an agreement to *work
on shares*, and not a *lease to render rent* for which an action will lie
against the tenant.

ERROR from the Monroe common pleas.   The plaintiff as
executrix of D. Caswell, brought an action of *assumpsit* against
Districh for the *rent* of certain premises.  The defendant plead-
ed the general issue.   On the trial, the plaintiff produced a
written agreement between her testator and the defendant to
the effect : that the testator had agreed to let the defendant
have his farm for one year, and that Districh had agreed to
sow oats and give the testator *one third* in the half bushel ;
corn, *one third* in the basket ; to sow three lots (particularly
described) into wheat, and give the testator *one third* in the
half bushel—the meadow, *three cocks* out of five, and the rest
*half* delivered in the barn.   The plaintiff proved the quan-
tities of grain raised by the defendant, and rested.   The de-
fendant insisted that the instrument produced was an agree-
ment to work the land on shares, and not a lease securing
rent ; that the parties therefore were tenants in common in
the crops, and an action for the rent of the premises would
not lie.   Whereupon he moved for a *nonsuit,* which was
granted by the court.   The plaintiff sued out a writ of error.

*C. M. Lee,* for the plaintiff in error.

*A. Pratt,* for defendant in error.

*By the Court,* NELSON, J.   The agreement between the
parties was a letting of the premises upon shares, and, tech-
nically speaking, was not a lease.  8 *Johns. R.* 151.   3 *id.*
221.  2 *id.* 421, *n.* 8 *Cowen,* 220.   There is nothing which
indicates that the stipulation for a portion of the crops was by
way of rent ; but the contrary.   The shares were of the spe-
cific crops raised upon the farm.   It is very material to the

landlord, and no injury to the tenant, that this view of the contract should be maintained, unless otherwise clearly expressed, for then the *landlord* has an interest to the extent of his share in the crops. If it is deemed *rent*, the whole interest belongs to the tenant until a division. Where a farm is let for a year *upon shares*, the landlord looks to his interest in the crop as his security, and thereby is enabled to accommodate tenants, who otherwise would not be trusted for the rent.

This case is clearly distinguishable from that of *Stewart* v. *Doughty*, 9 *Johns. R.* 108. There the court, from the correspondence between the phraseology of the instrument and the terms usual in leases in the reservation of rent, came to the conclusion that the proportion of the crops specified in the agreement was intended as payment of *rent in kind,* and that therefore the whole interest belonged to the tenant. If my conclusion be correct, then the parties were *tenants in common in the crops,* and as the plaintiff stood in the place of her testator, she was not entitled to sustain her action, and the common pleas did right to grant a nonsuit.

Judgment affirmed.