## OTIS *vs.* THOMPSON.

Y. died seized of certain premises, intestate, and leaving eight children his heirs at law; his widow entered into possession of the premises and let them on shares to plaintiff. Before the harvesting of the crops, defendant became the grantee of the shares and interests of six of the heirs. *Held,* that he was thus made a tenant in common of the crops with the plaintiff, and that he is therefore not liable in an action of trespass for carrying away a portion of them.

ERROR to the Onondaga common pleas. Thompson, the plaintiff below, brought trespass against Otis for entering his close and carrying away a quantity of wheat. Thompson had taken the premises of one Mrs. Young, a widow, for the year 1840, on shares, with the privilege of sowing fifteen acres of wheat in the fall, each to furnish one half of the seed and the crop to be divided in the half bushel.

In 1841 the plaintiff cut the wheat and set it up in sheaves, when the defendant entered the lot and carried away two loads of it. The defence was this. Seth Young died intestate in 1835, seized of the premises and leaving a widow and eight children, four of whom were minors and four of age. The widow occupied and managed the premises down to the time of the letting to the plaintiff. The defendant proved a conveyance to himself from two of the heirs of two eighths of the premises in 1840, the appointment of one Kinne as a guardian for the infants on the 20th of August, 1840, and proceedings in chancery for the sale of their interest in the real estate, under which the defendant obtained a deed of the same on the 20th October, 1840. The dower of the widow had been regularly admeasured on the 10th April, 1840, and it included no part of the fifteen acres sown with wheat. The

defendant insisted that by his several conveyances he became a tenant in common with the plaintiff of the crop of wheat, and that he therefore was not liable in trespass for carrying away a portion of the same. But the court ruled otherwise and the defendant excepted. Verdict and judgment for the plaintiff. The defendant now brings error.

*By the Court*, NELSON, Ch. J. I do not see how it is possible to answer one ground of defence taken in the court below and overruled, namely, that the defendant was a tenant in common in the crop, and, therefore, not liable to his co-tenant for the tortious taking of the two loads of wheat. (*Caswell* v. *Districh*, 15 Wend., 379 ; *Putnam* v. *Wise*, 1 Hill, 234.)

Admit that Mrs. Young was in possession of the farm, as guardian in socage to her minor children, and, as such, had a right to let it upon shares in the spring of 1840, so far as their interest was concerned; and that, as to the adult heirs, it was fairly to be presumed she was in, exercising acts of ownership over the premises with their knowledge and consent; still, on the 20th August following, Kinne was duly appointed a general guardian of these minors, which had the effect to supersede the guardianship in socage, and vest him with all the powers that belonged to her over the estate. (1 R. S. 714, § 7.)

He took her place on his appointment, and became entitled to receive the accruing rents and profits of the estate in trust for the minors, the same as would have belonged to her, had her power as guardian in socage remained. (2 R. S., 150, 154, §§ 3 and 9.) And nothing was left for her in respect to their affairs but to close her accounts, and settle the trust.

Then on the 20th October succeeding, all their interest and estate in the premises was conveyed to the defendant by the guardian in pursuance of the order of the court of chancery, which, of course, vested him with their share of the wheat under the letting, as it did not become due till the following season, the summer of 1841.

We need scarcely refer to an authority to show that the accruing rents belong to the grantee. (Sug. Vend., 235.)

Upon this single ground, without refering to others, the judgment below must be reversed.

Venire de novo by common pleas, costs to abide event.