## DINEHART *vs.* WILSON.

Where, by an agreement in the form of a lease, between the owner of land and another, the former demises and leases certain lots or fields to the latter for the term of one year, which the latter agrees to plant or sow in a specified manner, and to pay or deliver to the lessor a certain portion of each crop, the parties, until a division of the crops is made, are tenants in common thereof. And the tenant has such an interest in grain raised by him, that it may be seized and sold under a warrant for the collection of a school-tax against him.

But if the collector sells the entire crop, and not simply the interest of the tenant, the lessor may sustain an action to recover the value of his undivided share.

If a recovery is had, however, by the lessor, for the value of the entire crop, the judgment will be reversed.

APPEAL from a judgment of the Orleans county court, reversing a judgment of a justice's court. The action was for unlawfully entering upon a farm in possession of the plaintiff, and then and there, without lawful right, selling and converting to the use of the defendant, about nine acres of wheat there growing, the property of the plaintiff. The defendant denied the allegations in the complaint, and then justified the taking as collector of a school district, for the purpose of collecting a tax against one Hooker. The plaintiff put in the wheat under an arrangement made with Hooker. The contract was in writing, signed and sealed by Hooker and the plaintiff, and it commenced thus : " This lease, made and executed between, &c. &c. in consideration of the rents and covenants hereinafter ex-

pressed, the party of the first part has demised and leased, and doth hereby demise and lease, to the party of the second part, all that part of the stone house farm hereinafter expressed, with the privileges and appurtenances, for and during the term of one year from the date hereof, &c. and the party of the second part covenants that he will pay the party of the first for the use of said premises the following services." It is then provided that Dinehart shall put a certain lot into wheat, in a good and workmanlike manner, and harvest the same and deliver one half of the same in the shock to Hooker. 2d. He was to plant the orchard lot, and part of another lot, to corn, in a good and workmanlike manner, and harvest the same and deliver one half in the basket to Hooker; half the potatoes to be delivered in the half bushel; one half of the buckwheat raised, to be delivered in the half bushel, and half the oats in the sheaf, and half the corn stalks in the stack. All of the crops to be put in, in a good and workmanlike manner, and to be harvested seasonably, and each party was to furnish one half the seed. Dinehart was to have free use of the east half of the barn. He was to pay all road taxes assessed upon the said premises, and to repair and keep up the fences that enclosed the fields mentioned. And it was provided that in case Dinehart failed to pay said rent or any part of it, when it became due, Hooker might distrain or sue for the same, and re-enter the premises, or resort to any other legal remedy; and Dinehart was to surrender up the premises at the expiration of the term. This instrument was dated April 1, 1851.

The whole farm consisted of 150 acres, and it was all assessed to Hooker, and two other farms were also assessed to him, and his tax was $29,90. When the collector called upon him for payment, he turned out the wheat in question and directed the collector to sell it, and he sold the wheat and thus collected the tax assessed against Hooker. The justice decided that Hooker and the plaintiff were not tenants in common, and that the plaintiff was the sole owner of the wheat in question; and he gave judgment for the plaintiff for its value.

*B. L. Bessac,* for the plaintiff.

*Church & Davis,* for the defendant.

By the Court, MARVIN, J.　*Putnam* v. *Wise,* (1 *Hill,* 234,) is an authority in point, to show that the plaintiff and Hooker were tenants in common of the wheat. This case cannot, upon that question, be distinguished, in principle, from the case re- ferred to, which overrules *Stewart* v. *Doughty,* (9 *John.* 108,) and *Overseers of the Poor of Fort Ann* v. *Overseers of the Poor of Kingsbury,* (14 *John.* 365,) and *Jackson* v. *Brownell,* (1 *Id.* 267,) so far as those cases bear upon the question. Justice Cowen, in *Putnam* v. *Wise,* was of the opinion that *Caswell* v. *Districh,* (15 *Wend.* 379,) overruled *Stewart* v. *Doughty.*

When the contract is simply for the cropping or cultivating the land on shares, all the cases agree that the parties become tenants in common of the crop, and that the relation of landlord and tenant does not exist. (*See* 8 *John.* 151 ; 3 *Id.* 221 ; 2 *Id.* 421, *n.;* 8 *Cowen,* 220.) But when as in the present case, the form of the contract is a lease, or demise, reserving a portion of the crops as rent, or with a covenant to deliver a certain share of the crops raised, as rent, then *Stewart* v. *Doughty,* and *Overseers of the Poor of Fort Ann* v. *Overseers of the Poor of Kingsbury,* and *Jackson* v. *Brownell,* are authorities in favor of the position of a lease between the parties, and that the occupant or cropper is a tenant, and that the title of the crops is in him solely until he has paid to the lessor his pro- portion as rent. And these are the positions that are overruled in *Putnam* v. *Wise.* In the latter case it is laid down as the true test, that if there is any provision in the contract for dividing the specific products of the premises, then the parties become tenants in common of the crops. If the occupier or cultivator is to pay a certain quantity of grain or other article, as a certain number of bushels of grain, or tons of hay, &c. &c. then he is a tenant, and the grain or hay is rent, and the landlord has no interest or title until they are delivered to him

as rent. The present case cannot be distinguished in principle from *Putnam* v. *Wise*. Here certain lots or fields were let to Dinehart, which he was to plant or sow in a certain manner, and he was to pay or deliver to Hooker a certain portion of each crop. Special provisions were inserted in the contract as to the manner of culture, &c. &c. We must hold in accordance with *Putnam* v. *Wise*, that Hooker and the plaintiff were tenants in common of the wheat in question; and if so, then Hooker had an interest in the wheat, which the defendant, as collector, had a right to seize and sell. The defendant sold the entire crop, not simply Hooker's interest, and it is now insisted that this made him a trespasser *ab initio*, and *Waddell* v. *Cook*, (2 *Hill*, 47,) and *Walsh* v. *Adams*, (3 *Denio*, 125,) are cited. These cases are authorities to show that the sheriff makes himself a trespasser if he assumes to sell the *entire* property upon an execution against one of the joint owners, or one of the partners ; and that the other joint owner or partner may maintain an action against him. The latter case was trover, and it shows that the measure of damages in the case of the two partners, was the value of the plaintiff's undivided share of the property, &c. &c.

In the present case, the justice held that the plaintiff and Hooker were not tenants in common, and that the plaintiff was the sole owner of the wheat; and he gave judgment for its *entire value*. In this he erred, and his judgment was therefore properly reversed, assuming that the plaintiff could maintain the action for his share of the wheat. It is not necessary in this view to give a construction to the provision of the statute referred to. (1 *R. S.* 397–8, § 2.)

The judgment of the county court should be affirmed.

Judgment affirmed.

[ALLEGANY GENERAL TERM, September 6, 1853. *Marvin, Bowen* and *Mullett*, Justices.]