Vaughn agt. De Wandler.

MOTION by defendants to compel plaintiff, who resides in Brooklyn, to file security for costs, under section 3268 of the Code.

*H. B. Whitbeck*, for motion.

*Wm. H. Tilton*, opposed.

---

## MONTGOMERY COUNTY COURT.

DANIEL VAUGHN, plaintiff, agt. JAMES G. DE WANDLER, defendant.

*Statute of frauds — Parole agreement to work a farm void under.*

A parole agreement made by plaintiff with defendant, in the fall of 1881, to work defendant's farm and keep his dairy upon shares, for one year from the first day of March following, that is from March 1, 1882, to March 1, 1883, is not a lease, and as the agreement was not to be performed within one year by its terms, is void by the statute (3 *R. S.* [*Banks' new 7th ed.*], *title* 1, *sec.* 6, *p.* 2336; *sec.* 2, *title* 2, *p.* 2327) for not being in writing, and cannot be enforced.

*June Term*, 1882.

MOTION by defendant to dismiss the complaint on plaintiff's opening.

The facts appear in the following opinion given orally on deciding the motion at the trial.

*H. M. Eldridge* and *H. V. Borst*, for plaintiff.

*J. E. & G. A. Dewey*, for defendant.

ZERAH S. WESTBROOK, *County Judge.* — Upon the opening of plaintiff's case defendant's counsel moves to dismiss the complaint upon the ground that the alleged verbal agreement upon which plaintiff seeks to recover in this action is void, for the reason that it was not to be performed within one year after it was made.

The contract, as stated by plaintiff's counsel, was by parole and in substance as follows: The plaintiff in the fall of 1881, made an agreement with the defendant to work defendant's farm, situated in the town of Palatine, Montgomery county, and keep his dairy upon shares, for one year from the first day of March following, that is from March 1, 1882, to March 1, 1883. Defendant agreed to furnish forty-five cows on the farm. Plaintiff agreed to take the farm and do all the work in raising the crops and take care of the dairy and milk and butter produced therefrom, each party to furnish one-half the seed grain and each to receive one-half the proceeds of the farm, except plaintiff was to be allowed to keep one cow for his own use, and the plaintiff to have two-fifths of the proceeds of the dairy, and the defendant the other three-fifths. Plaintiff was also to do fall plowing.

Plaintiff offered to go on and perform the agreement on his part, but defendant wholly refused to permit him to do so, and this action is brought to recover damages for defendant's breach. The important question is, was this agreement void for not being in writing?

After as careful a consideration of the case as I am able to give it under the circumstances, I am clearly of the opinion that the agreement was void under the statute of frauds and cannot be enforced.

Vaughn agt. De Wandler.

The statute provides (3 *R. S.* [*Banks' new 7th ed.*], *title* 1, *sec.* 6, *p.* 2326) :

"No estate or interest in lands other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared unless by act or operation of law, or by a deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereto authorized in writing."

And section 2, title 2, page 2327 (*Id.*), provides :

I. "Every agreement that by its terms is not to be performed within one year from the making thereof."

Had the agreement in question constituted a lease, then by the terms of the statute it need not have been in writing because the statute expressly excepts parole leases for one year. But this agreement was not a lease as has been repeatedly decided by the courts of this state.

In some respects the agreement may partake of the nature of a lease, but it is not a demise of land ; it does not transfer any interest in the land or give Vaughn any right or interest therein.   It is a mere agreement by which the parties would become jointly interested in the proceeds of the farm and dairy, and they would become tenants in common in the proceeds, but the conventional relation of landlord and tenant was not created thereby.

The plaintiff if he had taken possession of the farm under the agreement could not have maintained an action of trespass *quare clausum fregit* for any injury to the land, because he would have taken no right or interest in the land, his possession would have been merely that of Dewandler, the owner.

The following authorities sustain these views and are conclusive upon the question : *Demott & Billson* agt. *Hagerman* (8 *Conn.*, 220) ; *Caswell* agt. *Districh* (15 *Wend.*, 379) ; *Putman* agt. *Wise* (1 *Hill*, 234, 247) ; *Dinehart* agt. *Wilson* (15 *Barb.*, 597) ; *Taylor* agt. *Bradley* (39 *N. Y.*, 129) ; *Russell*

agt. *Russell* (32 *How.*, 400, 407); *Wilson* agt. *Sisson* (53 *Barb.*, 258); *Decker* agt. *Decker* (17 *Hun*, 13, 15).

It was held in *Russell* agt. *Russell* (*supra*) that inasmuch as no relation of landlord and tenant existed in such a case, summary proceedings would not lie to recover possession of the real estate. The legislature has, however, since provided by statute that summary proceedings may be maintained under such an agreement.

How does this agreement fall within the provision of section 2, subdivision 1 of the statute before given? I think it clearly falls within the letter and spirit of that provision. There is no direct authority that I find in this state on the question, but the principles enunciated by many decisions I think sustain this holding.

A number of cases defining agreements that come within this provision of the statute, are collected in volume 1 *Wait's Law and Practice*, 614–620.

In the case of *Wilson* agt. *Martin* (1 *Denio*, 602), defendant in the month of April agreed by parole with plaintiff, a boarding-house keeper, for rooms and board for himself and family for one year from the first day of May ensuing, at a certain amount per week for the rooms and another sum per week for the board. The defendant left within the year from dissatisfaction, and in a suit against him for the stipulated price of the rooms to the end of the year, it was held that the agreement for the rooms was not a lease and that the agreement was not to be performed within one year by its terms, and was void by the statute for not being in writing.

BRONSON, J., in that case, says, " the statute (before referred to) refers to every agreement that by its terms is not to be performed within one year from the making thereof." The case of *Spencer* agt. *Halstead* (*in same volume, p.* 606) was a very similar case, and the same decision was made therein.

A similar ruling was also made in the case of *Broadwell* agt. *Getman* (2 *Denio*, 87).

It has been decided in this state that a contract, a part of

which is void under the statute of frauds, and a part taken separately by itself good, is wholly void.

We cannot stop to consider whether this statute is wise or just, and may work a hardship in a particular case, it is the voice of the law-making power of the state, and when we clearly comprehend its interpretation and application, it is our duty to enforce it as wise and good.

The motion must be granted.

The motion, therefore, to dismiss the complaint is granted, with costs.