### ANN J. THOMAS, APPELLANT, *v.* ORIN S. BACON, RESPONDENT.

*Lease — agreement that the lessor shall have a lien on the growing crops — when it must be filed to preserve his lien as against that of a mortgagee — what possession must be taken to render a filing unnecessary.*

The plaintiff leased to the defendant a farm, for three years, to be worked on shares; all crops and other products to be equally divided between them on the farm. The defendant also agreed that the plaintiff should have a lien on all crops sown on the premises, as security for any money owing to her and for the performance of the obligations of the lease, and that she would execute a chattel mortgage on the crops when requested so to do by the plaintiff. The plaintiff and the defendant resided in separate portions of the house, on the farm, as stipulated in the lease. The lease was never filed in the clerk's office.

*Held,* that although the provision in the lease giving the plaintiff a lien on the crops was valid as between the parties to it, yet, as the lease was not filed in the clerk's office, it was invalid as against one taking a chattel mortgage upon the interest of the defendant in such crops in good faith and without notice of the terms of the lease.

That the fact that the plaintiff resided upon the farm and was a tenant in common of the crops with the defendant, did not give her such a possession of his interest therein as would relieve her from the necessity of filing the lease.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*Henry M. Field,* for the appellant.

*Frank Rice,* for the respondent.

SMITH, P. J.:

Action to recover for the alleged conversion of a quantity of wheat and barley. Defense — That defendant took the property as the agent of one Coyle the mortgagee of Williams who owned the property.

The referee found, among other facts, that in February, 1880, the plaintiff and said Williams made an agreement under seal, by which the plaintiff leased her farm to Williams for the term of three years from 1st April, 1880, to be worked by Williams on shares. Twenty-seven acres of wheat then growing on the farm were to be harvested by Williams and equally divided, and Williams was to leave the same number of acres sown on the farm at the end of the term, all of which should belong to the plaintiff. All crops and other products of the farm, during said term, were to be equally divided on the farm. Williams agreed that the plaintiff should have a lien on all crops sown on the premises, as security for any money owing her by Williams, and as security for the performance by Williams of her obligations under the lease, and she was to execute a chattel mortgage on said crops therefor, when requested by the plaintiff. The agreement was never filed in the clerk's office. Cotemporaneously with the said agreement, Williams executed to the plaintiff a chattel mortgage upon an undivided half interest of said wheat growing on the farm, with other property, which was duly filed 17th February, 1880. Mrs. Williams came on to the farm and put in twenty acres of barley in the spring of 1880. She and her husband and the plaintiff resided in separate portions of the dwelling-house on the farm as stipulated in the lease. On the 10th of June, 1880, Mrs. Williams executed to Charles M. Coyle, a chattel mortgage upon the undivided half of said growing wheat and barley, conditioned for the payment of $325, with interest, by the 10th of August, 1880, containing the usual danger clause. That mortgage was duly filed the day it was made. The consideration for it was the indorsement by Coyle of Mrs. Williams' note for $325, discounted at bank, which Coyle paid in August, 1880. The avails of the note were placed by Mrs. Williams in Coyle's hands for the purpose of paying the plaintiff's mortgage, and he applied them to that purpose in September, 1880. Subsequently the wheat and barley were divided, the plaintiff took her part and the other share was sold by the defendant as the agent of Coyle by virtue of his mortgage. The referee found that Coyle took his mortgage in good faith. He found, as matter of law, that the farm, at least so far as Mrs. Williams' share of the crops was concerned, was not in the posses-

sion of the plaintiff after the making of the lease; that as between the parties to the lease, the lien and agreement for a lien were good and valid, not only as to the wheat growing at the time, but also as to the barley, attaching when the latter was put in, but as the instrument creating the lien was not filed nor followed by an actual and continued change of possession, it was void as against Coyle's mortgage, and that the defendant is entitled to a dismissal of the complaint.

The facts found by the learned referee are supported by the evidence, and we find no error in his legal conclusions. The lease, by its terms, made the parties to it tenants in common of the wheat then growing as well as of the crops thereafter to be put in during the term. (*Putnam* v. *Wise*, 1 Hill, 243; *Dinehart* v. *Wilson*, 15 Barb., 595; *Taylor* v. *Bradley*, 39 N. Y., 129; *Thomas* v. *Williams*, 32 Hun, 257, decided by this court in April last.) As to the wheat, the agreement was in effect a sale to Mrs. Williams of an undivided half of the crop. And the plaintiff recognized Mrs. Williams' title by taking from her a chattel mortgage of the same, cotemporaneous with the lease. The provision in the lease giving the plaintiff a lien on Mrs. Williams' share of the crops was good as between the parties to the lease, but as the instrument was not filed in the proper clerk's office to give notice to purchasers, the lien was not valid as against Coyle, he being a mortgagee for value and in good faith. The plaintiff had not such possession of Mrs. Williams' share of the crops as was equivalent to notice of the plaintiff's lien thereon. Mrs. Williams was in the actual possession of the growing crops under the lease. The plaintiff's actual possession was limited to the portions of the farm and the house reserved to her in the lease. Although the actual possession of one tenant in common is regarded in law as the possession of both, as between themselves, yet such legal possession of the co-tenant is not notice to subsequent purchasers of any interest or lien he may have in the share of the actual possessor. To satisfy the statute, the possession must be actual, not merely constructive or legal. (*Steele* v. *Benham*, 84 N. Y., 634.)

We have not overlooked the argument of the appellant's counsel in which he insists that Coyle was not a *bona fide* mortgagee, but it has failed to convince us that the finding of the referee on that

subject is against evidence. We have not discovered any proof that Coyle had notice of the plaintiff's lien when he paid the note at bank, or even when he paid the plaintiff's mortgage. The counsel speaks of notice to Heminway, but we are not aware of any evidence that Heminway had notice of the plaintiff's lien, much less that he received any such notice while he was engaged in Coyle's business as his agent. The title of Coyle as mortgagee was therefore superior to the lien of the plaintiff, and as the defendant acted under Coyle in taking the property, the referee was right in his conclusion that the complaint should be dismissed.

We have examined the exceptions taken to rulings of the referee admitting evidence objected to by the plaintiff, but they are unavailing. The testimony objected to all tended to develop the defense which was sustained by the referee

Judgment affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.