FRANCIS H. GATES, Appellant, *v.* SIDNEY L. BOWERS, Respondent.

1. CAUSE OF ACTION — WHEN ACTION MAY BE MAINTAINED AGAINST COTENANT FOR CONVERSION OF UNDIVIDED HALF OF CHATTELS. When one of two tenants in common of chattels refuses to divide them or deliver any part thereof to the other, and the chattels are substantially alike in quality and value, or their value depends solely on their weight, so that a division thereof might readily be made by weight, tale or measure, his cotenant may maintain an action against him for the conversion of an undivided half of such chattels.

2. EVIDENCE— WHEN ERROR NOT HARMLESS. Where the issue in such an action is as to the terms of an agreement under which one, from whom the plaintiff claimed title on an execution sale, worked defendant's farms, viz., on shares or for wages, and his evidence that he worked for wages has been contradicted by the testimony of a referee before whom he had been examined in proceedings supplementary to the execution, that he stated he did not know on what terms he was working the farms, the rejection in evidence of his deposition therein containing the statement and signed by him is error and is not harmless because the jury would naturally give more weight to it than to the recollection of the referee.

3. HEARSAY. Where a witness on his direct examination testified that the alleged servant had said to him that he was to get half of the hay and crops on defendant's farms, testimony elicited on cross-examination to the effect that defendant's attorney had stated to him that he could not run the farms because of his financial condition, is incompetent as hearsay.

4. TESTIMONY AS TO BUSINESS TRANSACTIONS TENDING TO DISCREDIT WITNESS INCOMPETENT. Testimony of such servant that a witness who had contradicted him had foreclosed a mortgage against him and bought in a farm of 300 acres for seven dollars an acre is incompetent where its only object is to discredit the witness by showing that he was a hard creditor and had taken advantage of him.

*Gates* v. *Bowers*, 41 App. Div. 612, reversed.

(Argued October 21, 1901; decided December 10, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department entered May 9, 1899, affirming a judgment of the Madison County Court in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. A. Hitchcock* for appellant. It was error for the court to overrule the plaintiff's objections as to the admission of evidence. (*Myers* v. *C. T. M. A. Assn.*, 85 Hun, 385; *Cushman* v. *U. S. L. Ins. Co.*, 4 Hun, 783; *Hertz* v. *Minzesheimer,* 12 Misc. Rep. 58; *Hannah* v. *McKellip*, 49 Barb. 342; *Newhall* v. *Appleton*, 102 N. Y. 133; 124 N. Y. 668; *Prescott* v. *Tousey*, 18 J. & S. 12; *Benedict* v. *Penfield*, 42 Hun, 176.) It was error to permit the defendant to show the amount of Brown's indebtedness in the month of December, 1895, just before entering into the agreement with the defendant for working the farm of the latter during the year 1896. (*Green* v. *Disbrow*, 56 N. Y. 334; *Neudecker* v. *Kohlberg*, 81 N. Y. 305; *People* v. *Bragle*, 88 N. Y. 589.) It was error for the court to reject the evidence taken in the supplementary proceedings offered for the purpose of showing that Mr. Brown then testified he did not know how he was working the defendant's farms. (*Kain* v. *Larkin*, 131 N. Y. 309; *Boyd* v. *Boyd*, 164 N. Y. 234.) The rulings of the court upon the admission or rejection of evidence can be reviewed in this court. (*Ayers* v. *D., L. & W. R. R. Co.*, 158 N. Y. 258; *Stevens* v. *Cent. Nat. Bank*, 162 N. Y. 253.)

*Michael H. Kiley* for respondent. The testimony of the defendant which showed or tended to show just how the farms were worked was properly admitted in evidence. (1 Rice on Ev. 391; *Platner* v. *Platner*, 78 N. Y. 95; *Abeel* v. *Van Gelder*, 36 N. Y. 513; *Morss* v. *Salisbury*, 48 N. Y. 636.) The cross-examination was properly permitted. (*Jackson* v. *Featherwater*, 14 Cal. 19; *People ex rel.* v. *Court of O. & T.*, 83 N. Y. 436; *Lefler* v. *Field*, 50 Barb. 407; *Shepard* v. *Parker*, 36 N. Y. 517.) None of the rulings in this case present any error calling for a reversal of this judgment. (*Mansfield* v. *Raab*, 50 N. Y. S. R. 510; *Hempstead* v. *Flagg*, 7 Misc. Rep. 544; *Kowalewska* v. *N. Y., L. E. & W. R. R. Co.*, 72 Hun, 611; *Dauscha* v. *Brower*, 72 Hun, 221; *Rheinfeldt* v. *Dahlman*, 19 Misc. Rep. 162; *Steinau* v.

*Scheuer,* 15 App. Div. 5; *Clark* v. *Lude,* 63 Hun, 363; *Brady* v. *Nally,* 151 N. Y. 258; *Robson* v. *N. Y. C. & H. R. R. R. Co.,* 21 Hun, 387; *Swartout* v. *Willingham,* 31 Abb. [N. C.] 66; *Ackart* v. *Lansing,* 6 Hun, 476.) An action cannot be maintained against the defendant for conversion, even if the alleged claim of the plaintiff was true. (*Tinney* v. *Stebbins,* 28 Barb. 290; *Dear* v. *Reed,* 37 Hun, 594; *Dyckman* v. *Valiente,* 42 N. Y. 549; *Davis* v. *Lottich,* 46 N. Y. 396; *Hudson* v. *Swan,* 83 N. Y. 552; *Russell* v. *Allen,* 13 N. Y. 173; *Le Barren* v. *Babcock,* 46 Hun, 602.) The Court of Appeals will not disturb a verdict based upon conflicting evidence as to the facts. (*Matter of Ross,* 87 N. Y. 514; *People ex rel.* v. *French,* 92 N. Y. 306; *Baird* v. *Mayor, etc.,* 96 N. Y. 567; *Reynolds* v. *Robinson,* 82 N. Y. 103; *Whitaker* v. *I. S. Mfg. Co.,* 94 N. Y. 647; Code. Civ. Pro. § 1337.)

CULLEN, J. The plaintiff alleged that he was the owner of an undivided half of a certain quantity of oats, wheat and other farm produce, the other undivided half of which was owned by the defendant; that the property was in the possession of the defendant; that the plaintiff demanded from the defendant a division of the property, or that he would permit the plaintiff to take his half thereof; that the defendant refused to divide the same or to deliver any part thereof to the plaintiff, and that the defendant wrongfully converted to his own use the plaintiff's undivided half of said property. Judgment was demanded for the value of the plaintiff's share. The defendant answered admitting his refusal to divide the property or deliver any part thereof, and denying that the plaintiff had any interest therein. The plaintiff claimed title under an execution sale on a judgment against one Alfred J. Brown, whom he contended was a tenant in possession of certain farms of the defendant, working them on shares, the property in dispute being the produce of those farms. The defendant denied that Brown worked the farms on shares and

asserted that Brown was merely a servant working for wages. The terms of the agreement under which Brown worked the farms was the controverted issue in the case. The jury rendered a verdict for the defendant and the judgment entered on that verdict has been unanimously affirmed by the Appellate Division. No complaint is made as to the manner in which the case was submitted to the jury, and the attack on the judgment below is confined to the rulings of the trial court in the admission and rejection of evidence.

At the threshold of the case the respondent insists that the action cannot be maintained, and it is necessary to dispose of this objection, because, if well founded, it would render the errors of which the appellant complains immaterial. While the general rule is that one of two tenants in common of a chattel cannot maintain replevin against his co-owner to recover possession of the chattel, nor conversion for its value unless the possession of the co-owner results in the destruction of the property or such a hostile appropriation of it as to exclude, destroy or ignore the interest of the other tenant therein (*Osborn* v. *Schenck*, 83 N. Y. 201; *Hudson* v. *Swan*, Id. 552), there are exceptions to which the rule does not apply. Where the property is alike in quality and value and divisible by weight, tale or measure, one of several tenants in common may sever and take out his share even without the assent of his cotenant, and may maintain an action for the value of his share against a cotenant, who being in possession of the property, refuses to divide it or who converts it to his own use. (*Stall* v. *Wilbur*, 77 N. Y. 158; *Channon* v. *Lusk*, 2 Lans. 211.) It is, therefore, clear that the action was well brought as to the crops of the farms. The plaintiff, however, also sought to recover for his undivided half of twenty-four pigs. It may well be that in the case of a number of chattels of the same class, but where the individual chattels differ greatly in value, a tenant in common cannot enforce a division against his cotenant or sue him for refusal to make such division. But if the evidence in this case should show that these animals were substantially alike in value, or that their value depended

solely on their weight, so that a division might readily be made between the tenants, we think the same rule should apply to them as that which obtains in the case of the grain. This brings us to the appellant's exceptions on the trial.

Brown, the occupant of the defendant's farms, was a witness on his behalf. He testified that the agreement between himself and the defendant was that he should work for wages. Brown had previously been examined in proceedings supplementary to the execution under the sale on which the plaintiff claimed title. To contradict Brown, the referee, before whom the examination in such proceedings was had, testified that Brown swore on that examination that he did not know on what terms he was working the farms. The deposition of Brown containing this statement had been written out and was signed by him. This deposition was excluded against the plaintiff's objection and exception. This ruling was plainly erroneous, and it is not attempted to justify it on this appeal. It is claimed, however, that the error was harmless, as the plaintiff, by the testimony of the referee, got the benefit of all the deposition would have shown if admitted. We cannot say this. The jury would naturally give much more weight to a written statement signed by Brown than it would to the memory or recollection of the referee as to what Brown had said. One Lucas, a witness on behalf of the plaintiff, in contradiction of Brown, testified that the latter said to him that he was to get half of the hay and crops on the defendant's farms. On cross-examination, against the plaintiff's objection and exception, he was permitted to testify to statements made to him by Kiley, the defendant's lawyer, that Brown could not run the farms because of his financial condition. This evidence was incompetent. What Lucas had testified to were Brown's statements. We are at a loss to imagine how anything that the lawyer had previously told Lucas had any bearing on the probability of Brown making the statements. The effect of this was to get before the jury the unsworn statement of the lawyer that Brown was not working the farms on shares and could not so work them,

because of his insolvent condition. Against the plaintiff's objection and exception Brown was allowed to testify that the witness Lucas was the man who had foreclosed a mortgage against him and bought in a farm of three hundred acres for seven dollars an acre. This, also, was plainly incompetent. Its only object was to discredit Lucas by showing that he was a hard creditor and had taken advantage of Brown's pecuniary straits to obtain the farm for an inadequate price.

Other errors were committed in the admission of evidence to the injury of the plaintiff. It is not necessary to refer to them as they may not occur upon a new trial. It is not every error occurring on the trial that requires or even justifies this court in reversing a judgment where the trial as a whole has been fair and the rules of law have been correctly laid down. Possibly for no one of these errors, if it stood alone, would we feel constrained to grant a new trial, but taking them all together, and also the others, which we have not specified, we think that the plaintiff was substantially prejudiced in the trial of the cause by the admission of improper evidence and the exclusion of competent evidence, and that had correct rulings been made in these respects the verdict of the jury might have been different.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and WERNER, JJ., concur; LANDON, J., not sitting.

Judgment reversed, etc.