(149 App. Div. 337.)

CROSBY v. WOLBBEN.

(Supreme Court, Appellate Division, Fourth Department.   March 6, 1912.)

1. SALES (§ 13*)—SUBJECT-MATTER—CROPS. ·
    Where a person was a tenant in common with his landlord of a crop
    of grapes which was in existence, and capable of division by measure in
    accordance with the mode of gathering in vogue in the locality, a bill
    .of sale by the tenant of his interest passed title to the buyer.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 23; Dec. Dig. § 13.*]

2. LANDLORD AND TENANT (§ 326*)—CROPS—TENANCY. IN COMMON.
    Where an agreement between a landlord and tenant provided that
    the tenant should have half of a crop of grapes which he was to pick
    and pack, furnish one-half the packages, and deliver to a shipping point,
    he was a tenant in common with the landlord in grapes produced, and
    could dispose of or make subject to lien his interest therein.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    1367–1378; Dec. Dig. § 326.*]

3. LANDLORD AND TENANT (§ 330*)—CROPS—TENANCY IN COMMON.
    The termination of the lease by the landlord and tenant by a written
    agreement would not operate to extinguish the interest in the grapes
    which a buyer from the tenant acquired by a bill of sale.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    1394–1399; Dec. Dig. § 330.*]

4. LANDLORD AND TENANT (§ 330*)—SUBJECT-MATTER—TENANCY IN COMMON.
    Where a landlord refused to divide grapes grown on his land with one
    who had purchased the share which a tenant held in common with such
    landlord and appropriated the whole, conversion will lie at the instance
    of the buyer.
    [Ed. Note.—For other ·cases, see Landlord and Tenant, Cent. Dig. §§
    1394–1399; Dec. Dig. § 330.*]

    McLennan, P. J., and Kruse, J., dissenting.

Appeal from Chautauqua County Court. ·
Action by Charles R. Crosby against Delos A. Wolbben.   From a
judgment for plaintiff, defendant appeals.   Affirmed.
Motions for reargument and for leave to appeal to Court of Appeals denied, 134 N. Y. Supp. 1130.
Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.
William S. Stearns, for appellant.
Nelson J. Palmer, for respondent.

SPRING, J.   The action is in conversion.   On the 31st day of
August, 1906, the defendant entered into a written agreement with
John E. Stebbins for the letting on shares of a farm of 120 acres, of
which the defendant was the owner, and for the period of five years
from the 1st day of March following.   Stebbins went into possession in
pursuance of the agreement, and continued to carry on the farm until
about the 1st of October, 1909.   A considerable portion of the farm
was devoted to the cultivation of grapes.   By the terms of the agreement Stebbins was "to pick and pack the grapes," to furnish one-half
of the packages for their marketing, and to deliver them to a shipping
point in the town of Portland, in which the farm was situated, and
each was to have one-half of the amount received for the same.   On

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the 20th of August, 1909, Stebbins owed the plaintiff for a store account and also by reason of a promissory note given by Stebbins to him and which had been indorsed and negotiated at a bank by the plaintiff, and the aggregate indebtedness was about $210. On that day Stebbins executed and delivered to the plaintiff a bill of sale of an undivided one-half of said grapes, which were then on the vines, but not sufficiently matured for picking, and said instrument was forthwith filed in the office of the clerk of the said town, and the defendant very soon thereafter was personally informed of the giving of said bill of sale and of the consideration inducing it. On the 27th day of September, 1909, the defendant and Stebbins entered into a written agreement terminating the original contract, and providing that Stebbins should remove from the farm on or before October 4th, and that the defendant "shall retain all crops harvested and unharvested." The plaintiff demanded one-half of the grapes, offering to pay one-half the expense of picking and marketing the same in accordance with the terms of the contract of letting. The defendant repudiated the plaintiff's title, and gathered and sold the grapes, and thereafter this action was commenced. The county judge allowed the plaintiff for one-half of the money received for the entire crop, deducting therefrom one-half the disbursements incurred in harvesting and delivering them to the market.

[1] I think he reached a correct conclusion. The grapes were in existence at the time the bill of sale was executed, and they were capable of division by measure or weight and in accordance with the mode of gathering grapes in vogue in that locality.

[2] The defendant and Stebbins were tenants in common of these grapes. Rice v. Peters, 128 App. Div. 776, 113 N. Y. Supp. 40; Dinehart v. Wilson, 15 Barb. 595; Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415; Reynolds v. Reynolds, 48 Hun, 142; Underhill on Landlord & Tenant, page 311. The grapes were personal property. Stebbins was the owner of an undivided one-half of them on the vines,. and consequently could dispose of or make subject to a lien his interest therein. Sexton v. Breese, 135 N. Y. 387, 391, 32 N. E. 133; Stall v. Wilbur, 77 N. Y. 158; Beck v. McLane, 129 App. Div. 745, 114 N. Y. Supp. 44, affirmed 198 N. Y. 567, 92 N. E. 1078.

The termination of the contract of letting by the defendant and Stebbins did not operate to extinguish the interest in the property which the plaintiff had acquired by the bill of sale. Tiffany on Landlord & Tenant, p. 1349 et seq.; Eten v. Luyster et al., 60 N. Y. 252, 259; Weiss v. Mendelson, 24 Misc. Rep. 692, 53 N. Y. Supp. 803; Dobschuetz et al. v. Holliday et al., 82 Ill. 371. The defendant. is responsible for the relation which operated to vest title to an undivided one-half of the grapes in Stebbins. I appreciate where an. occupant terminates the contract of letting during its life, or abandons. the occupied premises and has sold or permitted a lien to be created upon his share of the crops, an injustice may thereby inure to the owner of the farm. The owner can easily protect himself from such a mishap by apt provisions in the contract. If he makes the cropper or occupant the owner of a definite part of the products of his farm,.

he must expect that third parties who act in reliance upon the ownership for which he is responsible and to which they have duly succeeded may maintain their claims. In this case the defendant knew of the bill of sale before the contract of termination was entered into, and yet his rights were well guarded by the court in that whatever expense would have been paid by Stebbins in picking, preparing for, and delivering the grapes to market was allowed to him.

[4] He refused to divide the grapes with his cotenant, the plaintiff, and appropriated the whole crop, and was therefore liable in conversion to the plaintiff. Gates v. Bowers, 169 N. Y. 14, 17, 61 N. E. 993, 88 Am. St. Rep. 530.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent in separate memoranda.

McLENNAN, P. J. (dissenting). I dissent upon the ground that the tenant, Stebbins, having failed to perform his contract of hiring of the farm in question and having abandoned such contract, had no right, title, or interest in or to the produce of such farm, and that his assignment to the plaintiff did not vest him with any interest in the same. The agreement between the landlord and the tenant is not an unusual one. It provides, in substance, that the tenant shall do all the work in preparing the crop for harvesting and in harvesting the same, and that then the profits of such crop shall be divided equally between the landlord and the tenant. In this case the tenant abandoned his lease or contract after having assigned his interest therein to the plaintiff. The plaintiff made no attempt to carry out and perform the conditions imposed upon the tenant, but waited until the landlord had done and performed at his own expense all the things which the tenant had agreed to do and perform. Then apparently, there being a profit, the assignee of the tenant assumes to recover one-half of such profit. I think the conclusion reached by the court below is repugnant to our ordinary sense of justice, and that it cannot be supported by any principle of law.

I conclude that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

KRUSE, J., concurs.