DAVID C. TAYLOR, Respondent, *v.* IRINE K. EMBURY, Appellant.

Third Department, February 28, 1921.

**Tenants in common — replevin — right of tenant working farm on shares to maintain replevin against landowner for his share of hay.**

A tenant and a landowner become tenants in common of hay which the tenant cuts under an agreement that he is to have a share thereof, and the tenant, after demand and refusal, is entitled to maintain an action in replevin to recover his share of the hay.

APPEAL by the defendant, Irine K. Embury, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 2d day of August, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*David A. Embury,* for the appellant.

*John A. Johnson,* for the respondent.

VAN KIRK, J.:

The action is in replevin to recover a quantity of hay. In July, 1919, the parties made a contract by which plaintiff agreed to cut the hay on defendant's farm on shares, plaintiff to have two-fifths of the alfalfa and one-half of the timothy, but plaintiff was not to be required to cut fields not cut the previous year. Plaintiff performed on his part. He asked the defendant for a division and delivery to him of his share, to which she replied: " ' No,' I wasn't to have any part of that hay."

It appears from the discussion between the court and counsel and from the charge of the court that the amount of the hay cut and the taking of two loads thereof by the plaintiff were not disputed; and that the jury should render a written verdict, deciding what was the contract; whether it was substantially performed by plaintiff, and in which party was the title to the hay. The jury rendered the following written verdict: " Verdict for the plaintiff awarding to the said party the title and right to possession of 16 tons of alfalfa, of the value of $280, and 10 tons of mixed hay of the value of $120. Total value of hay awarded to said party, $400. Deduct 1½ tons delivered at $12 per ton, or $18, from $400, making the value of the hay, $382."

The evidence was sufficient to show demand by plaintiff and refusal by defendant. (*Burns* v. *Winchell,* 44 Hun, 261.) Plaintiff and defendant were tenants in common in the hay harvested. (*Harris* v. *Frink,* 49 N. Y. 24; *Stall* v. *Wilbur,* 77 id. 158; *Thomas* v. *Williams,* 32 Hun, 260.)

The general rule is that a tenant in common in personal property may not maintain an action in conversion or replevin against his cotenant; but this rule does not prevail when the property is in its nature separable in respect to quantity and quality by weight or measure. In respect to such property a cotenant may demand his share; and, if refused, he may maintain an action against his cotenant. (*Stall* v. *Wilbur,* supra; *Gates* v. *Bowers,* 169 N. Y. 14.) The usual action under such circumstances is in conversion (cases above cited); but, if conversion will lie, there is no controlling reason why replevin will not lie; why one may not recover his property rather than its value. He may want his hay to feed, not to sell. This hay can be readily and fairly divided by weight and measure, so that the plaintiff may justly determine that which is his own; and although no direct authority in this State is cited, holding that, under such circumstances, a replevin action may be maintained, we can conceive of no reason why a man should not be permitted to recover that which is his own, rather than its value. In 34 Cyc. (p. 1355) it is said: "The proceeding in replevin being partly *in rem,* is therefore distinguishable from trespass and trover, in which action damages only are sought to be recovered. However,

in all cases where trespass or trover can be maintained for the unlawful conversion of goods, replevin will also lie. In the choice of remedies, as between replevin and trover, or trespass, the preference is with the former, in that it restores the property itself." Again (on p. 1359) is this: " Generally, where property cannot be identified or separated, so as to be seized in kind, replevin will not lie. However, according to the trend of modern decisions, where goods are mixed, and are of the same nature and value, although not capable of an actual separation by identifying each particle, yet, if a division can be made of equal value, as in the case of oats, corn, or wheat, then each party may claim his aliquot part, and enforce his right in an action in replevin." (*Rust Land & Lumber Co.* v. *Isom*, 91 Am. St. Rep. 68.)

The defendant is not prejudiced or injured because this action is in replevin rather than conversion. In fact, by consent of counsel, this hay had been sold and the money retained in place of the hay; and, as the case was submitted to the jury, upon the suggestion of the court and the approval of the attorneys, the verdict was for the value of the hay rather than for the hay itself.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.