Irene M. Embury, Respondent, *v.* George N. Chapman, as Sheriff of the County of Madison, New York, Appellant.

Third Department, July 6, 1922.

Replevin — action against sheriff for penalty and damages for seizure and delivery of possession without waiting required period of time — verdict for plaintiff (defendant in replevin action) awarding damages consisting in part of sum representing value of goods against weight of evidence, where plaintiff in replevin action had been awarded possession — appeal — Appellate Division without power to dismiss complaint where no motion therefor made at trial.

In an action by the defendant in a prior replevin action against the sheriff to recover the penalty provided by section 1707 of the Code of Civil Procedure (Civil Practice Act, § 1106) and damages for the seizure by the sheriff of goods in the possession of the defendant in the replevin action, and the delivery thereof to the plaintiff in said action without waiting the required three days, a verdict awarding damages to the plaintiff consisting in part of a sum representing the value of the goods was against the weight of the evidence, where it appears that the title to said goods had been awarded to the plaintiff in the replevin action by the judgment therein.

As no motion to dismiss the complaint in this action was made at the trial, the Appellate Division is powerless to grant judgment dismissing the complaint.

Appeal by the defendant, George N. Chapman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 14th day of May,

1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of May, 1921, denying defendant's motion for a new trial made upon the minutes.

*John A. Johnson,* for the appellant.

*David A. Embury,* for the respondent.

H. T. KELLOGG, J.:

It is provided in section 1702 of the Code of Civil Procedure that a sheriff who has replevied a chattel must retain it in his possession until the person who is entitled thereto is ascertained. The plaintiff in an action of replevin must give an undertaking to return the chattel to the defendant if possession is adjudged to him. (Code Civ. Proc. § 1699.) Within three days after the chattel is replevied the defendant may except to the sureties upon the plaintiff's undertaking. (Id. § 1703.) Or, within such time, the defendant may reclaim the chattel by serving a notice, affidavit and undertaking upon the sheriff. (Id. § 1704.) If the defendant neither excepts to the sureties nor requires the return of the chattel the sheriff must deliver the chattel to the plaintiff, except where a claim of title is made by a third person not a party to the action under section 1709. (Id. § 1706.) It is provided in section 1707 of the Code as follows: "A sheriff, who delivers to either party, without the consent of the other, a chattel replevied by him, except as prescribed in the last section, * * * forfeits, to the party aggrieved, two hundred and fifty dollars; and is also liable to him for all damages which he sustains thereby." *

One David C. Taylor brought an action in replevin against Irene M. Embury, the plaintiff herein, to recover a quantity of hay in her possession, and executed and delivered the necessary papers to have the same replevied. The sheriff thereupon seized ten loads of hay in the possession of the defendant in such action and immediately delivered the same into the possession of the plaintiff therein without waiting the required three days. There was other hay in the possession of the defendant in that action which the plaintiff therein claimed, but the sheriff did not deliver the same to the plaintiff. The defendant in such action thereafter brought this action against the sheriff to recover the sums provided for in section 1707, above quoted. She secured a verdict for $470, $250 of which was for the penalty named in the Code section, and $220 for the value of the hay seized and delivered. There can be no doubt that the sheriff violated the plain terms of the statute.

* Foregoing Code sections are now respectively Civ. Prac. Act, §§ 1101, 1099, 1102, 1103, 1107, 1105, 1106.— [REP.

Nevertheless, we do not feel that the verdict is supported by the proof.

The replevin action of *Taylor* v. *Embury* was brought in December, 1919. The hay was replevied and delivered to Taylor in the same month. This action was brought in January, 1920. In May, 1920, the case of *Taylor* v. *Embury* was tried and a judgment entered in favor of the plaintiff in that action. In May, 1921, the action under consideration was tried. Upon its trial the judgment roll in *Taylor* v. *Embury* was, by consent, introduced in evidence. That judgment determined that David C. Taylor was the owner of sixteen tons of alfalfa hay and ten tons of mixed hay which was in the possession of Irene M. Embury, and required her to deliver its possession to David C. Taylor, or, in lieu thereof, to pay him the sum of $382. The plaintiff's counsel, upon the trial of this action, said, in reference to such action: " Judgment was for the full amount of the hay and not merely for what was left after the ten loads were delivered." Again, he said: " That action is now pending in the Appellate Division. Tried in May Term just preceding this action. Two loads of hay referred to in the evidence were two loads drawn prior to the replevin process." (The judgment was affirmed by us in *Taylor* v. *Embury*, 195 App. Div. 633.) The trial court, referring to the sum of money named in the judgment in the action of *Taylor* v. *Embury*, inquired: " Is that the value of the hay that was drawn, $382? " To which counsel for the plaintiff replied: " No, that is value fixed by the jury, that is replevin of the plaintiff's share of the entire hay cut by him on the farm, except two loads which he had drawn before replevin. In other words, the value of the hay for which the replevin process was brought." It thus appears from statements made by counsel for the plaintiff in this action that the judgment in the action of *Taylor* v. *Embury* was in part for the very hay involved herein. Other than this judgment there is no proof relating to the ownership of the hay or to the subject of its rightful possession. Thus it conclusively appears that the sheriff delivered the hay to its rightful owner, who was lawfully entitled, had there been no suit in replevin, to its immediate possession. We think it self-evident, therefore, that the plaintiff, not having been the owner or lawful possessor of the hay, could not legally have been injured by its loss, and delivery to Taylor. Consequently, the verdict of the jury which awarded damages to the plaintiff, consisting in part of a sum representing the value of the hay, was against the weight of the evidence. It may also be questionable whether under the circumstances the plaintiff was a " party aggrieved " entitled to recover the $250 penalty. This question we do not now decide,

for the reason that no motion to dismiss the complaint was made at the trial, and we are, therefore, powerless to grant judgment dismissing the action.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment and order reversed on law and facts and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding made by the jury that the plaintiff has sustained actual damages through the action of the sheriff in delivering the chattels to the plaintiff in the replevin suit.