JOHN IRISH, Plaintiff, v. FANNIE GREENBERG and Others, Defendants.

Supreme Court, Cortland County, February 23, 1925.

Landlord and tenant — farm share lease — agreement between owner of farm and tenant, in form of lease, providing for payment of annual rental of amount equal to one-half of all produce grown during tenancy — owner executed chattel mortgages upon her alleged share of produce — agreement does not give owner of premises any right, title or interest in produce — parties intended that produce be preserved until it could be measured — owner was not tenant in common of produce of farm — chattel mortgagee acquired no interest as against title vesting in receiver appointed in foreclosure action to take charge of undivided one-half of produce of owner.

The owner of a farm does not become a tenant in common of the produce of the farm by reason of the existence of a farm share agreement, in the form of a lease, between the owner and the tenant, by which the said owner is to be paid for the use of the farm an annual rental of the amount equal to one-half of all produce grown upon the premises during the tenancy, since the agreement neither gives the owner of the farm any right, title or interest in the proceeds, nor compels the tenant to pay to the owner any part of the produce upon the said farm. It was the intention of the parties that the produce should be preserved until it could be measured.

Accordingly, the holder of chattel mortgages on the produce of the farm, given by the owner, acquired no interest in said produce as against the title vesting in a receiver appointed in a foreclosure action to take charge of the undivided one-half of the produce belonging to the owner.

APPLICATION by the parties interested for a determination as to the title of certain crops and produce upon a farm now belonging to the defendant Fannie Greenberg in the town of Cuyler. The facts are undisputed and the parties have voluntarily submitted them to the court for determination.

*Robert A. Foley,* for the plaintiff.

*W. D. Slattery,* for Samuel Comiez.

RHODES, J.:

The plaintiff commenced this action against the defendants to foreclose a mortgage covering the said farm. The defendant Fannie Greenberg, being the owner of said farm, entered into an agreement with the defendant John Irish, Jr., which agreement was in the form of a lease, to run for one year, from January 1, 1924, to December 31, 1924, by which the said owner was to be paid for the use of said premises an annual rent of an amount equal to one-half of all produce, etc., grown upon said premises during said tenancy. The said owner executed two chattel mortgages upon her alleged share of said produce. An application was made in said foreclosure action for the appointment of a receiver to take charge of the undivided one-half share of said Fannie Greenberg in said produce. Upon the application for the appointment of such receiver, one Samuel Comiez appeared by Messrs. Andrews & Andrews claiming a prior lien on said Fannie Greenberg's share in said produce by virtue of said chattel mortgages. An order was granted appointing a receiver herein and providing that the question of the priority of the claim to said produce be determined either between the parties or by the court.

The disputed question is whether or not the defendant John Irish, Jr., was a tenant of the owner and entitled to all the produce until such time as a division should be made, in which case the receiver would be entitled upon a division to take over the share of the produce set over under the division to the defendant Fannie Greenberg, or whether the owner and so-called tenant were, by the terms of their agreement, tenants in common of the crops so that the owner, Fannie Greenberg, had an undivided interest therein which she could transfer by chattel mortgage, in which case the property would not be taken over by the receiver but would be subject to said chattel mortgages.

The attorneys for the respective parties upon this application

have cited numerous cases, some holding that an agreement to work a farm on shares constitutes the lessee a tenant, and in other cases it was held no tenancy was created but that the parties were tenants in common of the crops. (See *Stewart* v. *Doughty,* 9 Johns. 180; *Taylor* v. *Bradley,* 39 N. Y. 129; *Caswell* v. *Districh,* 15 Wend. 379; *Colville* v. *Miles,* 127 N. Y. 159; *Steffin* v. *Steffin,* 4 Civ. Pro. 179; *Brandish* v. *Schenck,* 8 Johns. 151; *DeMott* v. *Hagerman,* 8 Cow. 220; *Foote* v. *Colvin,* 3 Johns. 216; *Putnam* v. *Wise,* 1 Hill, 234; *Dinehart* v. *Wilson,* 15 Barb. 595; *Reynolds* v. *Reynolds & Ryan,* 48 Hun, 142; *Armstrong* v. *Bicknell,* 2 Lans. 216; *Matter of Ellis,* 78 Misc. 589; *Crosby* v. *Woleben,* 149 App. Div. 337; *Rice* v. *Peters,* 128 id. 776.)

Whatever conflict on this point there may be in the various decisions, it has been established by them that the rights of the parties are to be determined by the substance of the agreement rather than by its form. As very aptly stated in the brief submitted in behalf of the holder of the chattel mortgages, " the true test seems to lie in the question whether there be any provision in whatever form for dividing the specific produce of the premises. If there be, a tenancy in common arises at least in such produce as is to be divided." As was stated in *Taylor* v. *Bradley* (39 N. Y. 129, 138): " If division of products be contemplated, a tenancy in common arises in such as are to be divided." Measured by this rule, I do not think that the parties became tenants in common. An examination of all the cases cited will disclose, I think, that in those cases where a tenancy in common was held to exist, the agreement provided that the owner should be entitled to a part of the specific property to be grown or produced. The agreement, which is entitled a lease in the case at bar, recites that " In consideration of the rents and covenants hereinafter expressed, the said party of the first part has demised and leased and does hereby demise and lease to the said party of the second part, the following premises * * * for and during the term of one year * * * and the said party of the second part covenants that he will pay to the party of the first part for the use of said premises, the annual rent of an amount equal to one-half of all hay, grain, crops and produce, raised, produced and grown upon said premises during said tenancy." It will be noted that the tenant does not agree to pay to the owner or give to the owner any part of the produce upon said farm. The tenant agrees *to pay as rent an amount equal to one-half of all hay, etc.* The owner of the premises is not given any right, title or interest in the proceeds. The quantity of the proceeds is the measure by which the amount of the landlord's rent is to be determined. She is not to be given or paid a certain quantity of the proceeds, nor necessarily out of the proceeds, but she is to be paid an amount

equal to one-half thereof. (See *Newcomb, Agan & Randall* v. *Ramer*, 2 Johns. 421, n.) It is true that the agreement further provides that: " All hay, grain and crops when cut and harvested to be properly stored in the buildings upon said farm premises and no part of same to be used or sold by either of the parties until after a division of same by the parties herein." Here again there is nothing vesting in the landlord any ownership of said produce. Evidently the parties intended and contemplated that the produce should be kept and preserved until it could be measured and, perhaps, kept also as a measure of security to the landlord until the amount to be paid to her should be determined and set over to her. The agreement also contains a clause to the effect that if the party of the second part (the tenant) should " fail to *pay* said *rent*, or any part thereof, when it becomes due, it is agreed that the said party of the first part may sue for the same, or re-enter said premises, or resort to any legal remedy."

From a reading of the whole instrument, it does not seem apparent that it was the intention of the parties that the landlord should become vested with any part of the proceeds of said farm, at least until a division should be made.

For the reasons stated, it is determined that the defendant Fannie Greenberg did not become a tenant in common of the produce of said farm, and, therefore, under the chattel mortgages executed by her the claimant Samuel Comiez acquires no right, title or interest therein as against the title vested in the receiver herein. The title to said produce remains in the tenant on said farm until such time as a division occurs and then if a moiety is set apart to Fannie Greenberg upon the division, the title of the receiver herein will immediately attach thereto.

An order may be prepared accordingly.